## Beaver Valley Water Company v. Thayer et al.

*Costs — Public Service Commission — Appeals — Record remanded—Costs improperly taxed in Common Pleas—Act of July 26, 1913.*

1. Where a case originating before the Public Service Commission has been appealed to the Superior Court, reversed and remanded with costs to be paid by an intervenor, and thereafter an exemplification of the docket entries of the proceedings on appeal is filed in the Common Pleas, the latter court has no jurisdiction to tax or fix the costs.

2. It seems that in such a case the costs should be taxed under art. vi, § 24, of the Public Service Company Law of July 26, 1913, P. L. 1374, by the Public Service Commission, where the case originated.

Motion to strike off bill of costs. C. P. Beaver Co., Sept. T., 1921, No. 369.

*W. A. McConnel,* for plaintiff.

*L. M. Sebring* and *J. Sharp Wilson,* for defendants.

BALDWIN, P. J., March 27, 1923.—This case did not originate in this court, but in the Public Service Commission of Pennsylvania. Thence it came into the Superior Court on appeal of the Beaver Valley Water Company, taken Aug. 18, 1916. Finally, the Superior Court, on March 17, 1921, entered the following decree: "Order of Public Service Commission reversed and record remanded with directions to dismiss the complaint; costs to be paid by intervening appellees."

On Aug. 2, 1921, said appellant filed in this court an exemplification of the docket entries of the proceedings on appeal in the Superior Court, on which record the prothonotary of this court entered a general judgment for "costs" in favor of the Beaver Valley Water Company and against Solon C. Thayer et al., described as "intervening appellees" in the caption of the record. Later, on Nov. 3, 1921, the Beaver Valley Water Company filed, at the same number and term, a paper purporting to be a "bill of costs." This paper contains, in addition to claims for witness fees and mileage, items for "printing answers filed with Public Service Commission," "printing brief and argument before the Public Service Commission," "printing paper-books before the Superior Court," and "printing paper-book before the Superior Court for reargument," the total bill amounting to $3376.99. Defendants have filed exceptions to said bill of costs, challenging its correctness and the jurisdiction of this court to tax and fix the same; and have also moved to strike said judgment from the record for the reason that there "was no jurisdiction in this court to enter said judgment, nor was there any authority in the prothonotary to enter the same upon the opinion and order of the said Superior Court, because, as will appear by the record of the Superior Court, said case originally was before the Public Service Commission of Pennsylvania, and was appealed therefrom to the Superior Court of Pennsylvania, and there is no statute authorizing the entry of said judgment."

We think this motion must be granted. No costs were recoverable, either by plaintiff or defendant, at common law. They are exclusively a creature of statute. The Public Service Commission Act of July 26, 1913, P. L. 1374, provides, in article vi, section 2, that: "The fees, expenses, and costs of, or in connection with, any hearing must be imposed by the commission upon any party to the record, or may be divided between any or all parties to the record in such proportions as the commission may determine."

The act also gives the appellate court (article vi, section 24) full power to dispose of all costs in making any final decree on any appeal.

But we find nothing in the Public Service Commission Act, the Act of June 24, 1895, P. L. 212 (creating the Superior Court), or any of the amendments thereto, nor any other statutory authority, for entry of the present judgment. It is perfectly manifest that this court has no jurisdiction, or authority whatever, to tax or fix the costs; they should, no doubt, be taxed in the Public Service Commission, where the cause originated.

As we find no statute authorizing the entry of this judgment, and none has been called to our attention, we reach the conclusion that the judgment should be struck off as having been entered without warrant of law.

Now, March 27, 1923, judgment struck off.

From F. H. Laird, Beaver, Pa.